# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| X.F., by and through his father and next friend, Javier Fuentes, | : : : |
| Plaintiff, | : : Civil Action No. |
| v. | : : : |
| Lebanon School District, | : : |
| Defendant. | : |

## COMPLAINT

### INTRODUCTION

1. This case arises out of Lebanon School District's (the District's) violations of a high school student's First Amendment rights. The District has repeatedly punished the student, X.F., for exercising his right to not participate in the pledge of allegiance. Plaintiff seeks injunctive relief and damages.

### JURISDICTION AND VENUE

2. This is a civil rights action which seeks to vindicate rights protected by the First and Fourteenth Amendments to the U.S. Constitution.

3. This Court has jurisdiction under 28 U.S.C. § 1331 and 1343.

4. Venue is proper under 28 U.S.C. § 1391(b). All events giving rise to this action have occurred within the Middle District of Pennsylvania, and the Defendant is subject to personal jurisdiction in the Middle District.

## PARTIES

5. X.F. is a sixteen-year-old student who lives in Lebanon, Pennsylvania and attends the Lebanon School District.

6. Javier Fuentes is X.F.'s father. Mr. Fuentes brings this action on behalf of X.F. as his next friend.

7. Defendant Lebanon School District is a political subdivision of the Commonwealth of Pennsylvania located in Lebanon County.

8. The District maintains its administrative offices at 1000 South 8th Street, Lebanon, PA 17042.

9. At all relevant times, the District acted and/or failed to act through its employees, agents, and/or servants for whom it is responsible.

## STATEMENT OF FACTS

10. X.F. is a junior at Lebanon High School, a District school.

11. X.F. is enrolled in regular and honors classes.

12. While attending Lebanon High School, X.F. has participated in a school sport and a job shadowing program.

13. Because of his religious and political beliefs, X.F. has declined to stand for the pledge of allegiance this school year.

14. Every time that X.F. exercised his right not to participate in the pledge, through on or around December 11, 2019, the District has punished him.

15. The District's actions against X.F. and its policies related to the pledge violate the First Amendment to the U.S. Constitution

**The District's repeated First Amendment violations**

16. The District required students to stand for the pledge of allegiance during the first period of the school day.

17. X.F.'s first period is math class.

18. On or around October 7, 2019, X.F. attended math class and did not stand when the pledge of allegiance began.

19. X.F. sat quietly and respectfully, causing no disturbance.

20. X.F.'s teacher directed X.F. to stand and participate in the pledge.

21. When X.F. declined, X.F.'s teacher sent him to the Assistant Principal, Mr. Dave Bentz.

22. In Mr. Bentz's office, Mr. Bentz told X.F. that he must stand for the pledge of allegiance.

23. Mr. Bentz interrogated X.F. about why he did not stand for the pledge of allegiance.

24. Mr. Bentz told X.F. that during the pledge of allegiance, teachers check to determine whether students are in compliance with the District's dress code.

25. Mr. Bentz told X.F. that his refusal to stand for the pledge of allegiance violated the District's policy on standing for a dress-code-compliance check.

26. X.F. was in compliance with the dress code.

27. X.F. was willing to stand for a dress-code-compliance check before or after the pledge of allegiance.

28. X.F. spent the entire first period in Mr. Bentz's office.

29. The District gave X.F. an In-School Suspension for his refusal to stand for the pledge of allegiance.

30. An In-School Suspension is a disciplinary infraction, which is made part of a student's permanent educational record.

31. Typically, when a student receives an In-School Suspension, he is forced to sit in a segregated room at school for the duration of the suspension, missing his regular classes.

32. X.F.'s time in Mr. Bentz's office served as his In-School Suspension.

33. Mr. Bentz told X.F. that whenever he does not stand for the pledge of allegiance, he will receive an In-School Suspension.

34. The following day, X.F. attended math class and did not stand when the pledge of allegiance began.

35. X.F. sat quietly and respectfully, causing no disturbance.

36. X.F. was in compliance with the dress code.

37. X.F.'s teacher gave X.F. an In-School Suspension for not standing and sent him to the In-School Suspension class for the entire first period of the school day.

38. X.F. missed his entire math class.

39. Throughout the rest of October 2019, X.F. continued sitting during the pledge of allegiance, and each time, his teacher gave him an In-School Suspension and ejected him from math class.

40. Each time X.F. sat during the pledge, he did so quietly and respectfully.

41. At all times, X.F. was willing to stand for the dress-code-compliance check before or after the pledge.

42. The District never accommodated X.F. by allowing him to stand for the check before or after the pledge.

43. On November 1, 2019, X.F. participated in a meeting with his Principal, an Assistant Principal, and an Assistant Superintendent to discuss events related to him sitting for the pledge of allegiance.

44. During the meeting, the Principal, Assistant Principal, and Assistant Superintendent provided X.F. a written copy of a District policy on the pledge of allegiance.

45. No District staff had ever mentioned the policy to X.F. before the meeting. The District had only discussed its dress-code-compliance policy with X.F.

46. The written policy on the pledge of allegiance states:

> Each student shall be required to salute the flag and recite the Pledge of Allegiance during each day's opening exercises. If a student has conscientious objections which interfere with full participation in the flag salute or Pledge of Allegiance, said student shall maintain a respectful attitude throughout the ceremony.

> Parents of students refusing to salute the flag shall be informed by the building principal and the parent or guardian shall be required to furnish the school administration with a written statement of their child's conscientious objection.

A copy of the policy is attached as Exhibit A.

47. Citing the policy, the Principal, Assistant Principal, and Assistant Superintendent directed X.F. to furnish a written statement, signed by his parent, explaining his objection to participating in the pledge of allegiance.

48. X.F. informed the Principal, Assistant Principal, and Assistant Superintendent that the District's actions towards him violated his rights.

49. Through on or around December 11, 2019, the District continued to enforce against X.F. its policy of requiring students to stand during the pledge for dress-code-compliance checks and its parental-notification policy, and the District continued punishing X.F. for exercising his right not to participate in the pledge.

50. Through on or around December 11, 2019, the District was forcing X.F. to sit in the Principal's office for the start of the school day, during the pledge.

**The District's First Amendment violations have harmed X.F.**

51. The District's violations of X.F.'s rights have resulted in him missing several weeks of math class and in him failing his math class.

52. X.F. failed math during the first quarter of the 2019-2020 school year.

53. X.F.'s failing grade impairs his opportunities to gain admission to colleges.

54. The District's violations of X.F.'s rights have caused him to suffer stigma and embarrassment.  Each day that the school enforced its policy, he was singled out and humiliated in front of his peers, and he was forced to languish in a segregated, In-School Suspension classroom for exercising his rights.

55. The District's violations of X.F.'s rights have caused him to suffer stress and anxiety.  During the period the District enforced its policy, he would enter school anxious and distressed about his first period class.

56. The District's violations of X.F.'s rights have caused him to suffer emotional distress, pain and suffering, and loss of life's pleasures.

57. The District's punishment of X.F. constitutes irreparable harm that cannot be adequately remedied by money damages.

## COUNT I
## THE DISTRICT'S PUNISHMENT OF X.F. VIOLATES THE FIRST AMENDMENT OF THE U.S. CONSTITUTION AND 42 U.S.C. § 1983

58. Plaintiff re-alleges the above-stated paragraphs as though fully set forth herein.

59. The District's punishment of X.F. for not standing during the pledge of allegiance violates the First Amendment of the U.S. Constitution, as applied to the states through the Fourteenth Amendment.

60. As a result of the District's punishment, X.F. has suffered the loss of educational opportunity.

61. As a result of the District's punishment, X.F. has sustained emotional distress, pain and suffering and loss of life's pleasures.

## COUNT II
### THE DISTRICT'S POLICY ON STANDING FOR DRESS CODE COMPLIANCE DURING THE PLEDGE, ON ITS FACE, VIOLATES THE FIRST AMENDMENT OF THE U.S. CONSTITUTION AND 42 U.S.C. § 1983

62. Plaintiff re-alleges the above-stated paragraphs as though fully set forth herein.

63. The District's policy of requiring students to stand during the pledge of allegiance for dress-code-compliance checks violates the First Amendment of the U.S. Constitution, as applied to the states through the Fourteenth Amendment.

64. The policy coerces students to engage in speech, flouting their right not to speak.

65. The District's enforcement of the policy against X.F. has caused him harm.

## COUNT III
### THE DISTRICT'S POLICY ON PARENTAL NOTIFICATION, ON ITS FACE, VIOLATES THE FIRST AMENDMENT OF THE U.S. CONSTITUTION AND 42 U.S.C. § 1983

66. Plaintiff re-alleges the above-stated paragraphs as though fully set forth herein.

67. The District's parental-notification policy violates the First Amendment of the U.S. Constitution, as applied to the states through the Fourteenth Amendment.

68.     The District's enforcement of the policy against X.F. has caused him harm.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff respectfully request that this Court provide the following relief:

a.      Declare that the District's punishment of X.F. for not participating in the pledge of allegiance violates his rights under the First Amendment;

b.      Declare that the District's policy of requiring students to stand during the pledge of allegiance for a dress-code-compliance check violates the First Amendment;

c.      Declare that the District's parental-notification policy violates the First Amendment;

d.      Enjoin the District from any continuing punishment or sanction against X.F. on account of his constitutionally protected speech and enjoin the District's parental-notification policy;

e.      Order the District to expunge from X.F.'s educational record all punishments related to him not participating in the pledge of allegiance;

f.      Order the District to provide X.F. math instruction addressing the lessons that he missed because of the District's unconstitutional punishment;

      g.      Order the District to afford X.F. an opportunity to make-up class assignments and tests that he missed as a result of the District's unconstitutional punishment;

      h.      Award X.F. damages in an amount to be determined at trial;

      i.      Award reasonable attorney's fees and costs pursuant to 42 U.S.C. § 1988; and

      j.      Grant such other relief as this Court deems just and appropriate.

Respectfully submitted,

/s/Judith A. Gran
JUDITH GRAN, ESQUIRE
PA Bar No. 40134
Reisman, Carolla, Gran, Zuba
19 Chestnut Street
Haddonfield, NJ 08033
856.354.0061 (phone)
856.873.5640 (fax)
judith@rcglawoffices.com

Attorney for Plaintiff

Dated: January 30, 2020